### WETMORE v. WETMORE et al.

(Supreme Court, Appellate Division, First Department. May 13, 1898.)

MOTION—REHEARING—FAILURE TO COMPLY WITH TERMS.

An order denying a motion contained leave to renew it upon payment by the moving party of certain alimony which he was, in a prior action between the same parties, directed to pay, together with costs. Thereafter he moved, without showing compliance with these terms, for a rehearing of the motion. *Held*, that the motion for a rehearing was properly denied.

Appeal from special term, New York county.

Action by Annette B. Wetmore, now Annette B. Markoe, against William B. Wetmore and others. From an order denying a motion for rehearing of a motion to modify a judgment directing that the income of a certain trust fund should be applied to the payment of alimony awarded to plaintiff by decree in former action for absolute divorce, defendant William B. Wetmore appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Thomas P. Wickes, for appellant.
Flamen B. Candler, for respondent.

INGRAHAM, J. We think this order was properly denied. A motion was originally argued and submitted to the court, which was decided by the entry of an order on the 29th day of September, 1896, and which contained a provision that the defendant William B. Wetmore have leave to renew the motion "on paying the balance of the arrears of alimony due from him to the plaintiff under the judgment of divorce granted to the plaintiff in her action against the said defendant William B. Wetmore," and upon the said defendant paying the costs of this action which have been awarded against him. It is not claimed by the defendant that he has complied with the terms of this order, or has paid the arrears of alimony due; and he was not, therefore, entitled to renew the motion under the order entered

denying his original motion.    For that reason the court below prop-
erly denied his motion for a rehearing, and the order denying that
motion is affirmed, with $10 costs and disbursements.    All concur.